THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRACI STANFORD, guardian of LILLIAN FLETCHER, | ) ) ) | **FILED** **MARCH 16, 2009** MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 07 C 6358 |
| CHICAGO POLICE SGT. FERNANDO GARCIA, star # 1670, CHICAGO POLICE OFFICER WILFREDO ROMAN, # 17631 SHERRY PONCE-DELEON, CHARLENE VALENTINE, BARBARA HAYNES, and the CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) | JUDGE LEFKOW Magistrate Judge Mason |
| Defendants. | ) | |

### THIRD AMENDED COMPLAINT

NOW COMES the Plaintiff, TRACI STANFORD, guardian of LILLIAN FLETCHER, by and through her attorney, Marcelle M. LeCompte, and in complaining of defendant CITY OF CHICAGO, Chicago Police Department police officers WILFREDO ROMAN and SGT. FERNANDO GARCIA, ("Defendant Officers"), and Chicago Department of Aging Workers SHERRY PONCE-DELEON, CHARLENE VALENTINE, and BARBARA HAYNES ("Defendant CDoA Workers"), states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and the Civil Rights Act, specifically 42 U.S.C. §§1983 and 1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of Ms. Fletcher by the acts and/or omissions of Defendant Officers, Defendant CDoA Workers, and Defendant City of Chicago, committed under color of law.

2. This Court has jurisdiction under Title 28 U.S.C. §§ 1331.

3. The Court has supplementary jurisdiction over the substantially related state claims under 28 U.S.C. 1367 (a).

4. Venue is appropriate pursuant to 28 U.S.C. § 1391 as all of the complained of acts occurred within the Northern District of Illinois.

**PARTIES**

5. Ms. Fletcher is a five foot, one inch, eighty-two year old citizen of Chicago, Illinois.

6. Defendant Officers are Chicago police officers employed by the City of Chicago Police Department, and are agents of the City of Chicago, who were, at all times relevant to this complaint, on duty, acting within the scope of their employment and under color of state law. Defendant Officers are being sued in their individual capacities.

7. Defendant CDoA Workers are employed by the City of Chicago Department of Aging, and or an agency contracted by the Chicago Department of Aging, and are agents of the City of Chicago, who were, at all times relevant to this complaint, on duty, acting within the scope of their employment and under color of state law. Defendant CDoA Workers are being sued in their individual capacities.

8. The City of Chicago is a municipal corporation organized under the laws of the State of Illinois and, at all relevant times, was the employer of Defendant Officers and Defendant CDoA Workers.

**BACKGROUND FACTS**

9. Ms. Fletcher is an eighty-two year old woman who is approximately five feet, one inch in height.

10. Ms. Fletcher lives independently at 1800 South Central Park Avenue in Chicago, Illinois.

11. Ms. Fletcher, with the assistance of her family members, has received services from the City of Chicago Department of Aging for over five years.

12. On or about October 29, 2007, around 11:00 a.m., Ms. Fletcher was in her home located at 1800 South Central Park Avenue in Chicago, Illinois.

13. Defendant CDoA Workers went to Ms. Fletcher's home to conduct an interview without making prior arrangements with Ms. Fletcher or her family.

14. Defendant CDoA Workers were previously told by Ms. Fletcher and her family that Ms. Fletcher did not want these Defendant CDoA Workers to come to her home.

15. Defendant CDoA Workers had no reason to believe that Ms. Fletcher was a harm to herself or others, or needed intervention.

16. When Ms. Fletcher informed Defendant CDoA Workers, from inside her home, that she did not want their services, Defendant CDoA Workers called the police.

17. Defendant Officers responded, knocked on Ms. Fletcher's door and she answered.

18. Ms. Fletcher informed Defendant Officers that she was fine and that she did not want them to enter her home.

20. Defendant Officers did not have an arrest warrant for Ms. Fletcher.

21. Defendant Officers did not have a search warrant for Ms. Fletcher's residence.

22. Defendant Officers had no reason to believe that Ms. Fletcher had committed, was committing, or was about to commit any crime or violate any ordinance.

23. Defendant Officers had no exigent circumstances to enter the residence of Ms. Fletcher.

24. Defendant Officers forced their way into Ms. Fletcher's residence.

25. After entering Ms. Fletcher's home for no legal purpose, Defendant Officers deployed a TASER stun gun device against Ms. Fletcher multiple times.

26. Upon being shocked with electricity by Defendant Officers, Ms. Fletcher fell and hit her head.

27. As a result of Defendant Officers' misconduct, Ms. Fletcher suffered, among other physical injuries, burns to her stomach and fluid in her head.

28. Ms. Fletcher has suffered damages because of the misconduct of Defendant Officers that include, but are not limited to, great physical pain, severe emotional and mental suffering, and medical expenses.

## COUNT I
## § 1983 Excessive Force

29. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

30. Ms. Fletcher had not committed any crime when Defendant Officers forced their way into her home.

31. Ms. Fletcher did not harm Defendant Officers, nor did she pose any threat of harm to Defendant Officers or anyone else.

32. During the course of the events described above, Defendant Officers electrically shocked Ms. Fletcher at least two times with a Chicago Police Department issued stun-gun.

33. This misconduct described in this Count was undertaken as a matter of policy and practice, and/or custom, of the Chicago Police Department which directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to

adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference; in that:

      a.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Ms. Fletcher; specifically, Chicago Police officers accused of excessive force can be confident that the Office of Professional Standards, or the Independent Police Review Authority consisting of the same staff as OPS, will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

      b.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Ms. Fletcher in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      c.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

      d.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

      e.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

      f.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.

      g.     As a matter of express policy, the City of Chicago refuses to accept sworn and notarized statements and/or depositions taken under oath as affirmation of a complainant's claim, thereby excusing legitimate claims by policy;

      h.     the City of Chicago is deliberately indifferent to the known and/or obvious need for training regarding the use of stun guns, the inadequacy of the training, and the obvious likelihood of resulting violations of constitutional rights, so as to constitute a policy of failing to properly train.

      34.     As a result of the wrongful actions by Defendant Officers, Ms. Fletcher suffered,

among other injuries, burns to her stomach, a bump to the head, and fluid on her brain as a direct result of the injuries.

35. The force used by Defendant Officers against Ms. Fletcher was objectively unreasonable and unnecessary, subjecting Ms. Fletcher to excessive force in violation of the Fourth Amendment.

36. Defendant Officers had no probable cause, no legal cause or justification for the level of force they used against Ms. Fletcher.

37. The misconduct described in this Count was objectively unreasonable, willful and wanton, intentional, and undertaken with deliberate indifference to Ms. Fletcher's constitutional rights.

38. The misconduct by Defendant Officers, intentionally or with deliberate indifference and callous disregard of Ms. Fletcher's rights, deprived Ms. Fletcher the right to be free from unreasonable search and seizures.

39. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

40. As a direct and proximate result of Defendant Officers' misconduct, Ms. Fletcher suffered damages, including but not limited to, physical, emotional and financial injuries, as a consequence of which she has endured great pain and suffering.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count I, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

## COUNT II - Pendant State Law Claim:
## Battery

41. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

42. As described in the preceding paragraphs, Defendant Officers, acting under color of state law and within the scope of their employment, electrically shocked Ms. Fletcher with a stun gun, without any lawful justification thereby committing a battery on Ms. Fletcher.

43. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, wilfully and wantonly, and with deliberate indifference to Ms. Fletcher's constitutional rights.

44. As a result of the offensive touching, Plaintiff sustained bodily injuries, including but not limited to, great bodily harm.

45. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Chicago, is liable for their actions.

**WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count II, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

## COUNT III - Pendant State Law Claim
## Assault

46. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

47. As described in the preceding paragraphs, the conduct of Defendant Officers, who

were acting under color of law and within the scope of their employment, created in Ms. Fletcher a reasonable apprehension of imminent harm, without any lawful justification.

48. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, wantonly and with willful indifference to Ms. Fletcher's constitutional rights.

49. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

50. As a result of the offensive touching, Plaintiff sustained bodily injuries, including but not limited to, great bodily harm.

51. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Chicago, is liable for their actions.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count III, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

## COUNT IV
### § 1983 Illegal Search and Seizure

52. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

53. Defendant Officers illegally pushed their way into Ms. Fletcher's home and seized her with no lawful justification. Defendant Officers had neither a warrant nor consent to enter and/or search Ms. Fletcher's home.

54. As described above, Defendant Officers conducted an illegal entry into Ms. Fletcher's residence and seized her with deliberate indifference and callous disregard in violation of her Fourth Amendment right to be free from unreasonable searches and seizures.

55. Defendant Officers had no probable cause to believe that any federal, state or municipal statutes or ordinances were being violated by Plaintiff, or any crime committed, nor did exigent circumstances exist for the warrant-less entry into Ms. Fletcher's home or for the warrant-less seizure of Ms. Fletcher.

56. The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and reckless indifference to Ms. Fletcher's constitutional rights.

57. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

58. As a result of the described misconduct, Ms. Fletcher suffered damages, including but not limited to, physical and emotional injuries.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count IV, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### COUNT V - Pendant State Law Claim:
### Trespass

59. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

60. As described in the preceding paragraphs, the Defendant Officers, acting under color of law and within the scope of their employment, entered onto the property of Ms. Fletcher without permission or lawful justification thereby committing trespass under the laws of the state of Illinois.

61. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. Fletcher's rights.

62. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

63. As a result of the trespass, Ms. Fletcher sustained damages.

64. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Chicago, is liable for their actions.

**WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count V, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### COUNT VI
### § 1983 Substantive Due Process

65. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

66. A special relationship existed, at all relevant times, between Ms. Fletcher and the Chicago Department of Aging in that they had provided her services, through the assistance of her family, for over five years. As such, Defendant CDoA Workers owed a duty of protection to

Ms. Fletcher.

67. Defendant CDoA Workers were aware of Ms. Fletcher's family's information, including phone numbers, and contact information. Defendant CDoA Workers were aware that Ms. Fletcher's family had always served in facilitating services from the Chicago Department of Aging to Ms. Fletcher.

68. On or about October 29, 2007, Defendant CDoA Workers were aware of Ms. Fletcher's desire to not be visited at her residence. Defendant CDoA Workers ignored Ms. Fletcher's wishes, failed to contact Ms. Fletcher's family to facilitate services and instead called Defendant Officers, while acting under color of law and within the scope of their employment.

69. Defendant CDoA Workers had a reasonable opportunity to contact Ms. Fletcher's family prior to calling Defendant Officers.

70. No exigent circumstances existed for Defendant CDoA Workers not to call Ms. Fletcher's family prior to calling Defendant Officers.

71. Defendant CDoA Workers, through their conduct, and while acting within the scope of their employment as City of Chicago employees, placed Ms. Fletcher in danger and/or at a heightened risk of harm.

72. Defendant CDoA Workers' misconduct deprived Ms. Fletcher of her constitutional rights in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

73. The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with deliberate and/or reckless indifference to Ms. Fletcher's constitutional rights.

74. The misconduct described in this Count was undertaken by Defendant CDoA

Workers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

75. As a result of the described misconduct by Defendant CDoA Workers, Ms. Fletcher suffered damages, including but not limited to, physical and emotional injuries.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant CDoA Workers and for Plaintiff as to Count VI, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### COUNT VII - Pendant State Law Claim
### Intentional Infliction of Emotional Distress

76. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count

77. Defendant Officers and Defendant CDoA Workers intentionally engaged in extreme and outrageous behavior against Ms. Fletcher.

78. Defendant Officers and Defendant CDoA Workers are liable for the emotional distress inflicted because their misconduct was the direct and/or proximate cause of the distress.

79. Defendant Officers' and Defendant CDoA Workers' misconduct and outrageous behavior caused Ms. Fletcher to suffer damages, including but not limited to emotional distress.

80. The misconduct described in this Count was undertaken by Defendant Officers and Defendant CDoA Workers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

81. As a result of the described misconduct, Ms. Fletcher suffered damages, including

but not limited to, physical and emotional injuries.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and Defendant CDoA Workers, and for Plaintiff as to Count VII, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### COUNT VIII
### Respondeat Superior

82. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

83. At all relevant times, Defendant Officers were members and employees of the City of Chicago Police Department and Defendant CDoA Workers were members and employees of the City of Chicago Department of Aging acting within the scope and authority of their employment.

84. The misconduct described was undertaken, intentionally, wilfully and wantonly by Defendant Officers and Defendant CDoA Workers and said misconduct was the direct and proximate cause of Ms. Fletcher's injuries.

85. Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant City of Chicago as to Count VIII, and award compensatory damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### COUNT IX
### Indemnification

86. Each of the previous paragraphs of this Complaint is incorporated as if fully

restated in this Count.

87. Pursuant to 745 ILCS 10/9-102, the City of Chicago, as a public entity, is directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

88. At all relevant times, Defendant Officers and Defendant CDoA Workers were employees of the City of Chicago acting within the scope of their employment.

**WHEREFORE, Plaintiff ask that this Honorable Court enter judgment against Defendant City of Chicago as to Count IX, and award compensatory damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### JURY DEMAND

Plaintiff, Traci Stanford, guardian of Lillian Fletcher, requests a trial by jury.


Respectfully Submitted,


By:/s/Marcelle M. LeCompte
    Marcelle M. LeCompte, Atty at Law
    Attorney for Plaintiff
    820 West Jackson Blvd., Ste. 310
    Chicago, Illinois 60607
    (773) 348-3084